UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON ISAAC PALOMINO, | 1:16-cv-00316-GSA-PC |
| Plaintiff, | ORDER DISMISSING THIS CASE FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, WITHOUT PREJUDICE TO FILING A HABEAS CORPUS PETITION |
| vs. | |
| FRESNO COUNTY SUPERIOR COURTHOUSE, et al., | ORDER FOR CLERK TO CLOSE CASE |
| Defendants. | |

## I.   BACKGROUND

Jon Isaac Palomino ("Plaintiff") is a state prisoner proceeding pro se with this action. On March 4, 2016, Plaintiff filed the complaint commencing this action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  On April 14, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 5.)   Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

Plaintiff's complaint is now before the Court for screening.

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.    SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at the California Medical Facility in Vacaville California, in the custody of the California Department of Corrections and Rehabilitation (CDCR).  At the time Plaintiff filed this complaint, he was incarcerated at Wasco State Prison (WSP) in Wasco, California.  Plaintiff names as defendants the Fresno County Superior Courthouse, Fresno County Jail, and Wasco State Prison.  Plaintiff's allegations follow, in their entirety.

> "Basically I got sentenced in 2012 or 2013 for violation of P.C. 273 in Visaila (*sic*) County, got sentenced to a year county time plus fines which I was paying.  I did that time.  I was paying then or now rather, on November 17, 2015, got resentenced to another year and 90 days for same exact crime same exact case.  I was sent here to state prison!!  I've sat here to rot since . . . Isn't that called double jeopardy??  Minus Alex Trebek!  Isn't this false imprisonment?"

(Complaint, ECF No. 1 at 3.)

Plaintiff requests $200.00 and "to be free today with no probation or parole."  (ECF No. 1 at 3.)

## IV.    PLAINTIFF'S HABEAS CLAIMS

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973).

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).  Moreover, where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-87 (1994).  The Supreme Court later clarified that Heck's principle (also known as the "favorable termination" rule) applies regardless of the form of remedy sought, if the § 1983 action implicates the validity of an underlying conviction or a prison disciplinary sanction.  See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (concluding that § 1983 claims similar to those in Heck are not cognizable); see also Muhammad v. Close, 540 U.S. 749, 754-55 (2004) (per curiam).

///

3

In the instant case, Plaintiff is incarcerated in state prison and challenges his sentence as double jeopardy and his custody as false imprisonment.  These allegations are insufficient to state a § 1983 claim against any of the defendants.  Because success on Plaintiff's claim would entitle him to a release from prison, his sole federal remedy is a writ of habeas corpus.

Amendment is futile in this instance because the deficiencies identified herein cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see also Trimble, 49 F.3d at 586 (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

Accordingly, this case shall be dismissed for failure to state a § 1983 claim, without prejudice to filing a petition for writ of habeas corpus.

## V.   CONCLUSION

The Court finds that Plaintiff's Complaint fails to state any cognizable claims upon which relief may be granted under § 1983, and the deficiencies outlined above are not capable of being cured by amendment.

Therefore, based on the foregoing, IT IS HEREBY ORDERED that:

1.    This action is DISMISSED for failure to state a claim upon which relief may be granted under § 1983, without prejudice to filing a habeas corpus petition; and

2.    The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   __February 22, 2017__            _____/s/ Gary S. Austin_____
                                          UNITED STATES MAGISTRATE JUDGE